We'll move now to appeal 24-3120 United States v. Sean Grusd. Mr. Luthan, we'll begin with you with oral argument for the appellant. Good morning. May it please the court, Elliot Luthan on behalf of Sean Grusd. This appeal concerns restitution, and to level set, all can agree that Mr. Grusd's fraud led to a loss of roughly $23.1 million for the victims. There's no doubt about that. But the district court imposed a final restitution amount of $21.5 million, and the overarching question, the elephant in the room, is what was the basis for that amount? I could not glean it from the record. The government has not supplied an answer for that, and most importantly, the district judge did not explain where that amount came from. And so our request on appeal is modest. It's not asking for this court to etch in a stone a $3 million recovery that I think may have been the cause of the confusion. It's just to send the case back and for a remand to figure out how much the victims actually recovered so that there's no double compensation. Mr. Luthan, wasn't it the defendant's burden below to establish the amount of a credit that he should be given for his payments to the victims? And so if the record really isn't sufficient on that, is the correct remedy not just to require the full amount of restitution? Two points in response to that, Judge Stables. One, the line that it's the defendant's burden to prove any recovery, I think was cited in a case called Malone. That case is not about that. It's about the complexity exception. And in that case, not only is it dictated there, but it's referenced a Fifth Circuit case from the 90s. Is it not the uniform rule in the circuits that generally the defendant bears the burden of showing what he has paid to the victims pre-sentencing, post-plea? So doctrinally, I think we can assume that that's the case. But even still, I think there still is cause or reason to send it back in two-fold. One, the district court still needs to explain the rationale for the restitution amount imposed. If you consider a decision tree, on the one hand, if the court imposes the amount that's in the pre-sentence report, I don't think more needs to be said. Everyone has noticed. It's clear the basis for that amount. And so if the full $23 million had been imposed, I don't think anything more needed to be said. But given that the court went down and deferred from that $23 million, there's something more needed to be said. Maybe it was the recover, and maybe it was that he had paid. I think that's probably the case. But even if it's the defendant's burden, the government opened the door, and they were the one to unilaterally say, here was the amount. And then they didn't provide any evidence to back that up. And you're now contesting the $1.6 million? You're contesting the $1.6 million and putting the acceptance of responsibility credit in jeopardy? So Judge Sykes, I don't know if the $1.6 million is correct. And to the acceptance of responsibility point, I think acceptance of responsibility would be in jeopardy if he was contesting the full $23 million. If there's any – if he pushed back on that, I think there would absolutely be concern. But given that, there's – the only – Okay. The plea agreement was the $23 million minus whatever he paid before sentencing. Yes. And the only number that was before the court at sentencing on that latter part of the calculation was the $1.6. He's now contesting the $1.6 on appeal, as I understand your argument. That's why you want this sent back. And that would put at risk the acceptance of responsibility credit that he got, which lowered his guidelines range. And he got a midpoint guidelines range sentence. So you're risking a longer prison term over this amorphous, for lack of a better way to put it, argument about the restitution credit. And you're also arguing that it would have been perfectly fine to impose the whole $23 million, that you wouldn't be here if that had taken place. And so the fact that your client was ordered to pay less than that – I'm just trying to follow what sense this argument makes as a practical matter is my bottom line question, and whether your client has signed off on all of the potential ramifications here. Yes, Judge Sykes. To the practical – one, yes, he has signed off on it. So it's okay with him to get the full $23 million on remand? Probably not. And it's okay with him to have his guidelines range recalculated and lose the acceptance of responsibility credit and have a higher guidelines range on remand? Probably not. To answer the practical, why is this really an issue? The concern is that once he finishes his prison term and he goes to pay – start paying, and the judgment says, no doubt, he should get credit for any payment. The concern is that the government is going to take the position that the previous payment already made – any previous payments amounted to $1.6 million. And my concern is that he paid more than that. Is there a dollar amount that you say the defendant should have been credited with that he was not? I think that ultimately the district court needs to, when imposing a restitution amount, explain the basis for that amount when it departs from the pre-sentence report. I understand that, but if you're seeking a remand, there must be some figure or some body of evidence that reflects a number that you're saying he wasn't credited for that he should have been. What is that number? Chief Judge Brennan, I did not represent him below. And so if I were then representing him below, I would expand the record to fully confirm how much was paid and get it down to the sentence and put that number before the district court. If that was only $1.6 million, then no harm, no foul. My concern and the reason for this appeal is that he paid more than that. The victims received more than that. The record does not reflect one way or another whether that's the case. And then down the road, when he starts to go make payments, the victims will have received more than actual loss, which is what the statute authorizes. Can I ask you, you said before, I think, that the $1.6 million number came, I think, quote, unilaterally from the prosecution. And I just want to make sure I understand the record here. So sentencing transcript at 10, the prosecutor says, Mr. Greenberg, which is the defense counsel, asked me to tell the court with respect to restitution, there's been a small recovery, about $1.6 million. Of course, Mr. Greenberg is standing right there, or sitting perhaps, and he responds and says that payment was voluntary, it was a voluntary return, it was in connection with civil stuff. So that does not sound unilateral to me. That sounds like the prosecutor acknowledging that the defense has carried its burden to show the $1.6 million repayment, and that sounds like a joint representation to the district court. Why can the district court not rely on that in opposing restitution? I see I'm in my rebuttal time. You may continue. Thank you, Judge Brown. So Judge Stabelsen, I think it flips party representation on its head for the lawyer of party A to put words in the mouth of party B. And then secondly, to the point of what you were saying as to what the defense lawyer then said, I read that as confusion and not affirmative assent to agreeing with what the AUSA had said. There's confusion, and then it asks to go off the record to talk to Mr. Greaves, and then they go off the record and don't return to that subject. If he had then, coming off the record, had then discussed that further, I think it would be clear. But this is muddy at best, and I think it really flips party representation on its head for one party to be able to say, I think this is what the other side is thinking, and then there not ever be a definitive yes, that is what I'm thinking. Because ships pass in the night all the time in these criminal sentencings. You may reserve the remainder of your time. Thank you, Mr. Wilson.  Ms. Morgan, on behalf of the appellee, Ms. Morgan, why don't we begin with that last point, the flip side of Judge Stabelsen's question. The government's brief says, at sentencing, the parties jointly informed the district court that he had made payments to his victims in the amount of about $1.6 million. Is it really a joint representation? Is it a stipulation? Is it a statement, then a non-disagreement? Can you speak to that? Good morning. May it please the court. Yes, Your Honor, this is certainly a joint representation. The government makes a representation that some victim repayments had been made, and he relays the fact that he had a discussion with defense counsel and says, defense counsel asked me to inform the court of this. And, of course, defense counsel is standing right there and doesn't say, no, this never occurred, there was no discussion, or the number might be a little bit off. Defense counsel just confirms this was a voluntary return of funds in relation to civil stuff. So there's nothing on the record to indicate that this was anything other than an agreement between the parties that the defendant and government had conferred and agreed that defendant had carried his burden as to $1.6 million in repayments. And we can assume safely, I think, that if there had been a last-minute contest or dispute raised by the defense about the amount of restitution, then the acceptance of responsibility credit would have been at least at risk. Maybe it would not have been reevaluated, but it would have been at least at risk. And so that's a sound reason to infer why the defense counsel sat silent. Yes, Your Honor. And I think that risk is especially pertinent here in this case, where throughout the sentencing, the district court is discussing some of his post-plea conduct that hasn't been completely honest or forthright and is really grappling with what that means in terms of determining an appropriate sentence. And so I think it's not just this theoretical risk that his acceptance could be yanked away. I think that's really a very real and tangible risk to the defendant. And therefore, it makes total sense why there's not any contest. And I also think because there really was an agreement, and that's what the prosecutor is relaying here. Defense counsel doesn't object. There's an agreement here. And later on in the hearing, the government provides the calculation, which is just that 23 top-line figure that's agreed to minus the 1.6 figure that was also agreed to. And again, the defendant doesn't make any corrections here. This restitution challenge is waived, and in any event, even if not, it cannot be plain error on this record. He's going to get credit at the back end for anything he paid. That's correct, Your Honor. No harm will fall. Yes, there's no practical, I guess, risk that he wouldn't get credit for that here. Are there certain steps that he could take to receive credit for the restitution payment he made before sentencing? Yes, Your Honor. So the schedule of repayments here in the judgment and commitment order says that the restitution amount, and then it says defendant shall receive credit for previous payments. So he would have to come forward with that amount. The government is not aware that there is any payments that he would come forward with, but he could come forward with that. And then in regard to if there are payments made after sentencing for compensatory damages to those same victims that defendant pays, he could also petition the court to reduce the restitution reward in that fashion as well. And so that also kind of underlies why it wouldn't be plain error here, because there's really no practical impact on the defendant, aside from the fact that there just isn't an error on the record as it stands. If there are no further questions, the government would ask that defendant's sentence be affirmed. Thank you, Ms. Morgan. Thank you. Mr. Lovin, rebuttal. We'll give you two minutes. Thank you. One of the final points the government just made is that they represent that the government is unaware of any payments made, which then I think really just crystallizes the uncertainty of what transpired below. I think given what was just represented, I don't think it's clear that there was an agreement or a mutual understanding of how much was paid. And so to the point of the request, it's just to iron out and to ensure that any payment that was made is fully credited. And to the extent that the government is willing to concede that if more than $1.6 million was previously paid, that's not etched in the stone, then there is no concern, then there is no need for a remand, because that could be sorted out down the road. But my concern, the counsel I provided to Mr. Grews, was that the government would stand on the proposition that he had only paid $1.6 million and he did not believe that to be the case. The second final point I offer regarding acceptance of responsibility and the risk that he was risking that, it'd be one thing if he was contesting the total amount. I completely agree in that case, he would be risking acceptance of responsibility. But to ensure that he was fully... Counsel, a frivolous dispute about an offset for restitution would be grounds for revocation of acceptance of responsibility. And so unless there's a good faith argument that it's different than the $1.6, there's a risk. No doubt, Judge Sykes, frivolous arguments are grounds. But the reason why I think it's good faith is that we have a judgment in New York where more was repaid. And to a point where I don't think that probation missed any victims. Probation is excellent in catching all the victims. So I don't think he paid anyone else beyond who would have been listed as a victim in this case. And in that sense, it is a good faith argument and not frivolous. Thank you, Mr. Lawson. Thank you, Ms. Morgan. The case will be taken under advisement.